# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

TAMARA JEAN FARRELL,       )
an individual,               )
                               )     CASE NO.: 1:21-cv-00922-SCJ
         Plaintiff,        )
vs.                       )
                               )
USPG PORTFOLIO FIVE, LLC,    )
a Georgia Limited Liability Company,   )
                               )
                               )
WASA PROPERTIES SOUTHLAKE   )
PAVILION LLC,              )
a Delaware Limited Liability Company,  )
                               )
                               )
MT. ZION VILLAGE, LLC,      )
a Georgia Limited Liability Company,   )
                               )
and                       )
                               )
SOUTHLAKE EQUITIES, LLC,     )
a Georgia Limited Liability Company   )
                               )
        Defendants.      )
_____/ )

## FIRST AMENDED COMPLAINT

Plaintiff, TAMARA JEAN FARRELL, through her undersigned counsel,

hereby files this First Amended Complaint and sues USPG PORTFOLIO FIVE,

1

LLC, a Georgia Limited Liability Company, MT. ZION VILLAGE, LLC, a Georgia Limited Liability Company and SOUTHLAKE EQUITIES, LLC, a Georgia Limited Liability Company, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

## JURISDICTION AND PARTIES

1.   This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq., (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Northern District of Georgia.

3.   Plaintiff, TAMARA JEAN FARRELL, (hereinafter referred to as "MS. FARRELL"), is a resident of Henry County, Georgia.

4.   MS. FARRELL is disabled and suffers from Congenital Spastic Cerebral Palsy Diplegia.  She requires the use of either a special cane or a wheelchair as her primary means of mobility.

5.      Due to her disability, MS. FARRELL is substantially impaired in several major life activities, including walking.

6.      Defendant, USPG PORTFOLIO FIVE, LLC, a Georgia Limited Liability Company, (hereinafter referred to as "USPG"), is registered to do business in the State of Georgia.  Upon information and belief, USPG is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as The Shoppes at Morrow Station, located at 1930 Mt. Zion Road, Morrow, Georgia 30260.

7.      Defendant, MT. ZION VILLAGE, LLC, a Georgia Limited Liability Company, (hereinafter referred to as "MZV"), is registered to do business in the State of Georgia.  Upon information and belief, MZV is the owner and/or operator of the real property and improvements which are the subject of this action, to wit: the Property, known as The Shoppes at Morrow Station, located at 1940 Mt. Zion Road, Morrow, Georgia 30260.  Collectively, these properties make up the Morrow Station shopping center, collectively referenced herein as the "Property".

8.      Defendant, SOUTHLAKE EQUITIES, LLC, a Georgia Limited Liability Company, (hereinafter referred to as "SOUTHLAKE"), is registered to do business in the State of Georgia.  Upon information and belief, SOUTHLAKE is the owner and/or operator of the real property and

improvements which are the subject of this action, to wit: the Property, known as The Shoppes at Morrow Station, located at 1954 Mt. Zion Road, Morrow, Georgia 30260.  Collectively, these properties make up the Morrow Station shopping center, collectively referenced herein as the "Property".

9.  All events giving rise to this lawsuit occurred in the Northern District of Georgia, Clayton County, Georgia.

<b><u>COUNT I - VIOLATION OF TITLE III OF THE<br>AMERICANS WITH DISABILITIES ACT</u></b>

10.  Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this First Amended Complaint.

11.  The Property, a large shopping center, is open to the public and provides goods and services to the public.

12.  MS. FARRELL has visited the Property and attempted to utilize the facilities offered at the Property.

13.  While at the Property, MS. FARRELL experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

14.  MS. FARRELL continues to desire to visit the Property, but fears that she will continue to experience serious difficulty due to the barriers discussed

herein, which still exist.

15.  MS. FARRELL plans to and will visit the property in the near future to utilize the goods and services offered thereon.

16.  Defendants are in violation of <u>42 U.S.C. § 12181</u> <u>et. seq.</u> and <u>28 C.F.R. § 36.304</u> <u>et. seq.</u> and is discriminating against the Plaintiff due to Defendants' failure to provide and/or correct, *inter alia,* the following:

    A.  Plaintiff encountered inaccessible disabled use parking spaces throughout the Property due to excessive slopes near Ross Dress for Less, Ashley Furniture, Fellas, American Signature Furniture, Best Buy and Party City and Pet Hospital.

    B.  Plaintiff encountered inaccessible disabled use parking spaces throughout the Property due to inadequate/low signage which is easily obstructed by parked vehicles near Farmer's Market, Ross Dress for Less, Ashley Furniture, American Signature Furniture, Shopper's World, and Pet Smart.

    C.  Plaintiff encountered inaccessible disabled use parking spaces near Ashley Furniture due to a lack of adjacent access aisles on at least two (2) of the spaces and narrow dimensions on several others in this area.

    D.  Plaintiff encountered inaccessible sidewalks near David's

Bridal, Shopper's World, Ross Dress for Less, Ashley Furniture, Farmer's Market and Fellas due to changes in elevation of over six inches but a failure to provide handrails and level landings in these areas.

E.   Plaintiff encountered inaccessible curb cuts throughout the Property due to running slopes in excess of 1:12 and side flare slopes in excess of 1:10.

17.   Defendants either do not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

18.   Independent of her intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

19.   Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

20.   Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

21.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs, and litigation expenses paid by Defendants.

WHEREFORE, the Plaintiff demands judgment against USPG PORTFOLIO FIVE, LLC, MT. ZION VILLAGE, LLC and SOUTHLAKE EQUITIES, LLC and requests the following injunctive and declaratory relief:

A.   That the Court declares that the Property owned and operated by DEFENDANTS are in violation of the ADA;

B.   That the Court enter an Order directing DEFENDANTS to alter its property to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing DEFENDANTS to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANTS to undertake and complete corrective procedures;

D.   That the Court award reasonable attorney's fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.   That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

KU & MUSSMAN, P.A.
Attorneys for Plaintiff
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976


By: */s/ John A. Moore*
      KU & MUSSMAN, P.A.
      Attorney for Plaintiff
      John A. Moore, Esq.
      Georgia Bar No.: 519792
      Of Counsel
      The Moore Law Group, LLC
      1745 Martin Luther King Jr., Drive
      Atlanta, GA 30314
      Tel.: (678) 288-5601
      Fax: (888) 553-0071
      Email: jmoore@moorelawllc.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system and a true and correct copy of such filing will be served by U.S. Mail as follows:

WASA PROPERTIES SOUTHLAKE PAVILION LLC
By Serving Registered Agent:
CT Corporation System
289 S. Culver Street
Lawrenceville, Georgia 30046

USPG PORTFOLIO FIVE, LLC
By Serving Registered Agent:
Capitol Corporate Services, Inc.
3675 Crestwood Parkway NW, Suite 350

Duluth, Georgia 30096

MT. ZION VILLAGE, LLC
By Serving Registered Agent:
Alice Kim
1649 International Court
Norcross, Georgia 30093

SOUTHLAKE EQUITIES, LLC
By Serving Registered Agent:
Incorporating Services, LTD.
900 Old Roswell Lakes Parkway, Suite 310
Roswell, Georgia 30076