**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **TAMARA JEAN FARRELL,** )<br>)<br>   **Plaintiff,** )<br>)<br>) **Civil Action No.**<br>**v.** ) **1:21-CV-00922-SCJ**<br>)<br>**USPG PORTFOLIO FIVE, LLC;** )<br>**MT. ZION VILLAGE, LLC; and** )<br>**SOUTHLAKE EQUITIES, LLC,** )<br>)<br>   **Defendants.** ) | |

**CORRECTED NOTICE OF DISMISSAL WITH**
**PREJUDICE AS TO DEFENDANT MT. ZION VILLAGE, LLC**

COME NOW Plaintiff Tamara Jean Farrell ("Plaintiff") and Defendant Mt. Zion Village, LLC ("Defendant Mt. Zion"), and, pursuant Federal Rule of Civil Procedure 41(a)(1)(A)(i), hereby dismiss the above-styled civil action **WITH PREJUDICE AS TO DEFENDANT MT. ZION VILLAGE, LLC**, each party to pay its own fees, expenses, and costs.[1]

---

[1] On June 25, 2021, Plaintiff and Defendant Mt. Zion filed a Stipulation of Dismissal With Prejudice that inadvertently cited to Rule 41(a)(1)(A)(*ii*) instead of Rule 41(a)(1)(A)(*i*). (Doc. 48.) The Court declined to approve that Stipulation of Dismissal and correctly pointed out that Rule 41(a)(1)(A)(*ii*) requires the signatures of all parties that have appeared in the case. (Doc. 49.) This Notice of Dismissal corrects this deficiency by being filed pursuant to the correct subsection, 41(a)(1)(A)(*i*), which does not require the signatures of all parties who have appeared.

As further clarification of the authority under which this Notice of Dismissal is filed, Plaintiff and Defendant Mt. Zion respectfully show the Court the following:

1.

Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure provides that "the plaintiff may dismiss an action without a court order" by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

2.

Defendant Mt. Zion has not filed either an answer or a motion for summary judgment.

3.

Therefore, under the plain language of Rule 41(a)(1)(A)(i), because this Notice of Dismissal is being filed "before the opposing party [Defendant Mt. Zion] serves either an answer or a motion for summary judgment," Plaintiff is entitled to dismissal of this action against Defendant Mt. Zion "without a court order."

4.

Since 1973, the controlling authority in this federal jurisdiction has held that Rule 41's provision for dismissal by notice (as opposed to dismissal by motion) permits a plaintiff to dismiss all claims "against such of the defendants as have not

served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants." *Plains Growers, Inc. by Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 255 (5th Cir. 1973).[2]

5.

More recently, the Eleventh Circuit quoted the above-cited passage from *Plains Growers* with approval and further stated that, "[p]ut simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant[.]" *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1105-06 (11th Cir. 2004).

6.

The instant Notice of Dismissal does not serve as a dismissal of Plaintiff's pending claims against the remaining Defendants, USPG Portfolio Five, LLC ("Defendant USPG") and Southlake Equities, LLC ("Defendant Southlake"), each of whom has filed an answer in this action.

7.

Defendant Mt. Zion has filed no counterclaims against Plaintiff.

---

[2] Decisions of the former Fifth Circuit prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

8.

Defendant Mt. Zion has filed no cross-claims against Defendant USPG or Defendant Southlake.

9.

Neither Defendant USPG nor Defendant Southlake has filed any cross-claims against Defendant Mt. Zion.

10.

Accordingly, no claims in this action remain for this Court to adjudicate regarding Defendant Mt. Zion.

Respectfully submitted, this 7th day of July, 2021.

*CONSENTED TO BY:*

| | |
|---|---|
| */s/ John A. Moore* | */s/ Michael M. Hill* |
| John A. Moore | Michael M. Hill |
| Georgia Bar No. 519792 | Georgia Bar No. 770486 |
| THE MOORE LAW GROUP, LLC | FREEMAN MATHIS & GARY, LLP |
| 1745 Martin Luther King, Jr. Drive | 100 Galleria Parkway, Suite 1600 |
| Atlanta, GA 30314 | Atlanta, Georgia 30339-5948 |
| T:  678.288.5601 | T:  770.818.0000 |
| E:  jmoore@moorelawllc.com | E:  mhill@fmglaw.com |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant Mt. Zion Village, LLC* |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing **CORRECTED NOTICE OF DISMISSAL WITH PREJUDICE AS TO DEFENDANT MT. ZION VILLAGE, LLC** has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This 7th day of July, 2021.

> */s/ John A. Moore*
> John A. Moore
> Georgia Bar No. 519792
> THE MOORE LAW GROUP, LLC
> 1745 Martin Luther King, Jr. Drive
> Atlanta, GA 30314
> T:  678.288.5601
> E:  jmoore@moorelawllc.com
>
> *Counsel for Plaintiff*